UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUSTO OBIANG and SAMIR GATO,

Plaintiff(s),

v.

KARIM KHARBOUCH, et al.,

Defendant(s).

Case No.2:25-CV-2002  JCM (NJK)

ORDER

Presently before the court is defendant Karim Kharbouch ("defendant")'s motion to seal. (ECF No. 12).

I.    **Background**

Defendant is an internationally recognized recording artist known as "French Montana." Plaintiffs Justo Obiang and Samir Gato (collectively "plaintiffs") have been close friends with defendant for 15 years. (ECF No. 1 at 3). In 2016, plaintiffs purchased a Richard Millie RM-59-01 wristwatch for approximately $450,000. (*Id.* at 4). In December of 2024, while filming a promotional video for plaintiff Obiang's clothing company, defendant asked to trade plaintiffs' wristwatch for a different Richard Millie watch; plaintiffs declined this trade. (*Id.*).

After the trade request was declined, defendant requested to borrow plaintiffs' watch for Paris Fashion Week, which was taking place in January of 2025. (*Id.*). Plaintiffs agreed to this, and defendant provided his own wristwatch as collateral. (*Id.* at 4–5). Defendant has allegedly not returned the watch and has not responded to plaintiffs' attempts to contact him. (*Id.* at 5). Further, plaintiffs claim that the watch defendant gave them as collateral is a counterfeit. (*Id.*).

The parties have settled, and defendant now moves to seal the complaint and related filings containing the allegations.  (ECF No. 12).

## II.    Legal Standard

There is a strong presumption of public access to judicial records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1179.  On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)).

## III.    Discussion

Defendant contends that public access to "untested, disputed, and resolved" allegations posses a substantial risk of republication out of context, sensationalized media coverage, and permanent association with plaintiffs' claims.  (ECF No. 12 at 3).  Defendant further asserts that, given his prominence, allegations spread rapidly across media platforms and that coverage is "frequently speculative or distorted," causing immediate and irreversible reputational harm.  (*Id.*).  The court is unpersuaded.

This case was filed on October 17, 2025—more than seven months ago—meaning the

public has long had access to the very information the defendant now seeks to seal.  Several news outlets have already covered the complaint in detail, and that information is firmly in the public domain.  *See e.g.*, Jaelani Turner-Williams, *French Montana Faces $1 Million Lawsuit for Alleged Watch Theft*, COMPLEX (Oct. 18, 2025), https://perma.cc/K4TB-G2PY.  Indeed, defendant himself has acknowledged the futility of such efforts, lamenting that "it don't matter what you do, man, they still gon' hate you."  French Montana, *Salam Alaykum*, GENIUS, https://genius.com/French-montana-salam-alaykum-lyrics (last visited Apr. 22, 2026).  The court therefore finds no compelling basis to seal the record considering the existing disclosures.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to seal (ECF No. 12) be, and the same hereby is, DENIED.

Dated April 23, 2026.

_____
UNITED STATES DISTRICT JUDGE

- 3 -